UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED ADAMI, Individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> CARDO WINDOWS, INC. d/b/a "CASTLE 'THE WINDOW PEOPLE'" AND ITS SUCCESSORS AND ASSIGNS, CHRISTOPHER CARDILLO, SR., CHRISTOPHER CARDILLO, JR., NICHOLAS CARDILLO, EDWARD JONES, JOHN J. BELMONTE AND PAT TRICOCCI <br><br> Defendants. | CIVIL NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Fred Adami, Individually and on behalf of all others similarly situated, by and through his counsel, Richard S. Hannye, Hannye, LLC hereby files his Complaint against defendants, Cardo Windows, Inc. d/b/a "Castle 'The Window People'", its successors and assigns, and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and in the alternative (hereinafter collectively the "defendants") and avers as follows:

### THE PARTIES

1. Plaintiff, Fred Adami is a citizen of the Commonwealth of Pennsylvania residing at 1448 2nd Street Pike, Southampton, Bucks County, Pennsylvania 18966.

2. Defendant, Cardo Windows, Inc. d/b/a "Castle 'The Window People'", is a corporation organized and existing under the laws of the State of New Jersey with headquarters at 109 Gaither Drive, Suite 309, Mount Laurel, New Jersey 08054-1704.

3.      Defendant, Christopher Cardillo, Sr., is a citizen of the State of New Jersey, residing at #3 Venetian Court, Mount Laurel, New Jersey 08054.

4.      Defendant, Christopher Cardillo, Jr. is a citizen of the State of New Jersey, residing at 8 Auldwood Lane, Rumson, New Jersey 07760.

5.      Defendant, Nicholas Cardillo is a citizen of the State of New Jersey, residing at 33 North Riding Drive, Cherry Hill, New Jersey 08003.

6.      Defendant, Edward Jones is a citizen of the State of New Jersey residing at 48 Mayflower Drive, Sicklerville, New Jersey 08081.

7.      Defendant, John J. Belmonte is a citizen of the State of New Jersey residing at 44 Crooked Lane, Cherry Hill, New Jersey 08034.

8.      Defendant, Pat Tricocci is a citizen of the State of New Jersey residing at 73 Parry Drive, Hainesport, New Jersey 08036.

## NATURE OF ACTION

9.      This action arises out of the unlawful and willful misclassification of current and/or former non-exempt installers working for defendant, Cardo Windows, Inc. ("Cardo") as independent contractors rather than employees, which has resulted in these workers ("Plaintiffs") not receiving required overtime compensation, workers' compensation insurance coverage and other benefits and perquisites of employment such as pension/retirement and medical benefits. Cardo has also failed to properly withhold payroll and income taxes.

10.     This action also arises out of the unlawful and willful misclassification of current and/or former managers working for defendant, Cardo Windows, Inc. ("Cardo") as independent contractors rather than employees, which has resulted in these workers ("Plaintiffs") not receiving workers' compensation insurance coverage and other benefits and perquisites of

employment such as pension/retirement and medical benefits. Cardo has also failed to properly withhold payroll and income taxes.

11.     The Complaint seeks, *inter alia*, (a) payment to the non-exempt installer Plaintiffs of overtime compensation and all other relief due them under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), the New Jersey State Wage and Hour Laws, N.J.S.A. 34:11-56a, *et seq.* (the "NJWHL") and the ; (b) payment to non-exempt installer  and  manager Plaintiffs for the value of all Cardo employee benefits not provided to them in violation of  the New Jersey Construction Industry Independent Contractor Act, NJSA 34:20-1 et. seq. (the  "CIIC Act"); (c) payment to Plaintiffs under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA") for the value of pension/retirement and health benefits available and provided to other employees of Cardo ; (d) Injunctive Relief requiring Defendants to pay on  behalf of Plaintiffs to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act (FICA) compromised of both social security and medicare taxes (up to 15.3%), federal income tax not withheld, Federal Unemployment  Tax Act (FUTA) payments, as well as any penalties and interest. (e) Injunctive Relief requiring Defendants to pay on behalf of Plaintiffs any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiffs wages, plus any interest and penalties.

(f) injunctive relief compelling Cardo to comply with the FLSA, the NJWHL, the CIIC Act and ERISA by providing Plaintiffs with, *inter alia*, overtime compensation, workers' compensation insurance coverage, pension/retirement and medical and other benefits available and provided to other employees of Cardo; (g) liquidated and/or punitive damages; (h) attorneys' fees (i) costs of suit; and (j) such other relief as this Court deems just and equitable under the circumstances.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. §201 *et seq.,* and 29 U.S.C. §1001, *et seq.*  This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

13.     Plaintiffs' state law claims are so closely related to their claims under the FLSA and ERISA that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

15.     Cardo Windows, Inc. d/b/a "Castle 'The Window People'" (hereinafter "Cardo") is in the business of selling and installing vinyl replacement windows in New Jersey, Pennsylvania, Delaware and New York.

16.     Plaintiff, Fred Adami was a non-exempt installer for Cardo without any break in service from 2006 to June 6, 2012.

17.     Plaintiff, Fred Adami was a manager of installation for Cardo from June 6, 2011 to September 1, 2011. Fred Adami's direct supervisor at all times relevant to this Complaint was Edward Jones.

18.     Cardo does business under "Castle 'The Window People'", a trademarked name.

19.     Cardo has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

20.     The installation of windows is an integral part of Cardo's business.

21.    Cardo is a licensed home improvement contractor in all states where it does business.

22.    Cardo's owners have testified under oath that Cardo's unique method for installing windows requires extensive training of its installers.

23.    Cardo's owners have testified under oath that Cardo spends $50,000.00 per installer training installers to install vinyl windows.

24.    Cardo advertises that "all of our installers work only for Castle" using a photograph showing "Castle Installation Crews" massed in the Cardo yard at the start of the work day, to give the false impression that the installers are employed by Cardo.

25.    If a Cardo customer asks an installer if he is an employee of Cardo, Cardo requires its installers to lie and tell the customer that they are an employee.

26.    If a Cardo customer asks if Cardo maintains worker's compensation insurance for the installer, Cardo required its installers to lie and tell the customer that Cardo maintains workers compensation insurance for its installers.

27.    Cardo's installers are required to give three telephonic reports to their manager concerning the status of each window installation for a Cardo customer.

28.    Cardo provides its installers with the windows to install and all materials necessary to perform the installation, tells them how and where to install the windows and pays the installers a set amount for each window installed; therefore, Cardo's installers do  not bear the risk of realizing a profit or incurring a loss.

29.    Cardo's installers are not permitted to make their services available to the general public or to advertise their services to the general public.

30.     Cardo's installers are not permitted to work for anyone but Cardo and are required to sign an agreement not to compete with Cardo for two years after their termination by Cardo.

31.     All of Cardo's installers must arrive at Cardo's headquarters at 7:00 a.m. each morning Monday through Saturday to pick up the windows to be installed that day and to receive assignments as to how and where the windows are to be installed.

32.     Cardo's installers are required to have "Castle 'The Window People'" signage on the vehicle they use to transport windows to the customer, to create the impression that they are employed by Cardo.

33.     Cardo's installers are required to wear a shirt or sweatshirt bearing the "Castle 'The Window People'" trademark when in the presence of Cardo customers, to create the impression that they are employed by Cardo.

34.     Cardo provides its installers with business cards bearing the "Castle 'The Window People'" trademark to give to Cardo's customers, to create the impression that they are employed by Cardo.

35.     Cardo's installers are required to work six full days a week, Monday through Saturday, and a minimum of 48 hours a week.

36.     Cardo's installers often work in excess of 50 hours per week.

37.     Cardo knew at all times relevant to this complaint that under the CIIC Act all persons paid by Cardo to install windows are employees of Cardo.

38.     Cardo knew at all times relevant to this complaint that its installers were considered employees under New Jersey law and agreed to withhold New Jersey state payroll taxes from the pay of persons it still designates as independent contractors for federal tax purposes.

39.     Defendants each knew at all times relevant to this complaint that installers may not lawfully be considered independent contractors and willfully disregarded the law.

40.     Cardo does not pay overtime to any of its installers for work in excess of 40 hours per week.

41.     Cardo does not provide its  window installers with any of the benefits it provides to it employees, including, but not limited to, health insurance, disability insurance, life insurance, profit sharing, and bonuses.

42.     Cardo does not pay the required employer contributions under the Federal Insurance Contributions Act (FICA) or the Federal Unemployment Insurance Tax Act (FUTA) for any of its window installers.

43.     Cardo does not withhold any federal income taxes from the wages paid to its window installers.

44.     Cardo does not provide W-2s to any of its window installers.

45.     Cardo issues 1099s to all of its window installers and designates all of its window installers as independent contractors for purposes of federal payroll taxes and employee benefits.

46.     Cardo treats some managers as employees and other  managers as independent contractors.

47.     Cardo has operational control over all of its  managers under its management structure.

48.     Cardo's  managers are subject to the policies and procedures of the company established by Cardo.

49.     The work performed by Cardo's  managers is customarily done by employees not independent contractors.

50.    Cardo's  managers are required to report to Cardo's offices on a regular basis.

51.    Cardo's  managers are required to regularly attend meetings at Cardo's offices.

52.    Cardo's  managers perform services that are an integral part of Cardo's business.

53.    Cardo's managers, with the exception of the owners of Cardo, have no investment in facilities or equipment.

54.    Cardo's  managers receive instructions from Cardo on how to accomplish their job responsibilities.

55.    Cardo's  managers receive management training from Cardo.

56.    Cardo's  managers must perform all of their management responsibilities personally and may not hire anyone to do their job.

57.    Cardo's  managers have a continuing relationship with Cardo, not an occasional relationship.

58.    The work hours of Cardo's  managers are set by Cardo.

59.    Cardo's  managers are required to report on a regular basis to their own manager(s) in the Cardo management structure.

60.    Cardo's  managers are paid salary and, with the exception of the owners of Cardo, do not bear the personal risk of realizing a profit or incurring a loss.

61.    Cardo's managers are not permitted to make their services available to the general public or to advertise their services to the general public.

62.    Cardo's managers are not permitted to work for anyone but Cardo and were required to sign an agreement not to compete with Cardo for two years after their termination by Cardo.

63. Cardo does not provide the managers it designates as independent contractors with any of the benefits it provides to its manager employees, including, but not limited to, health insurance, disability insurance, life insurance, profit sharing and bonuses.

64. Cardo does not pay the required employer contributions under the Federal Insurance Contributions Act (FICA) or the Federal Unemployment Insurance Tax Act (FUTA) for the managers it designates as independent contractors.

65. Cardo does not withhold any federal income taxes from the wages paid to the managers it designated as independent contractors.

66. Cardo does not provide W-2s to any of the managers it designates as independent contractors.

67. Cardo issued 1099s to the managers it designated as independent contractors.

68. Defendants each knew at all times relevant to this complaint that managers may not lawfully be considered independent contractors and willfully disregarded the law.

69. Christopher Cardillo, Sr. is an owner of Cardo actively involved in the management of Cardo.

70. Christopher Cardillo, Jr. is an owner of Cardo actively involved in the management of Cardo.

71. Nick Cardillo is an owner of Cardo and is the payroll manager of Cardo.

72. Edward Jones is the director of operations for Cardo and as such is responsible for managing all of Cardo's window installers.

73. Pat Tricocci is the service manager of Cardo and as such assign Cardo's window installers to service windows previously installed by Cardo.

74.    John Belmonte is an installation manager for Cardo and as such manages all installers of Cardo windows.

## COUNT I

### Failure to Pay Overtime Compensation as Required
### Under the Wage and Hour Laws

**Plaintiff,  Fred Adami, individually, and on behalf of all Cardo installers similarly situated v.  Defendants, Cardo Window, Inc., its successors and assigns, and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and in the alternative**

75.    Defendant, Cardo is defined as an employer under the FLSA and the NJWHL.

76.    Defendants, Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John Belmonte and Pat Tricocci are defined as employers under the FLSA and NJWHL.

77.    Plaintiffs are each defined as an employee under the FLSA and NJWHL.

78.    The FLSA and the NJWHL require employers to pay non-exempt employees overtime compensation.

79.    The FLSA and the NJWHL require employers to pay overtime compensation at the rate of one and one-half times each employee's regular hourly rate for all hours worked in excess of 40 hours in any given work week.

80.    Under the FLSA and NJWHL, Defendants are required to pay overtime compensation to Plaintiffs for all hours worked by them in excess of forty (40) hours in any given week.

81.    Plaintiffs regularly work more than forty (40) hours per week for Cardo and receive no overtime pay or other compensation for those hours worked.

82.     In violation of the law, Defendants have not paid overtime compensation to Plaintiffs which has caused Plaintiffs to suffer substantial damages.

83.     Defendants know that Plaintiffs are employees subject to the FLSA and NJWHL but intentionally, willfully and recklessly refuse to pay Plaintiffs, *inter alia*, the overtime wages due them as required by law.

84.     Plaintiffs are entitled to be paid overtime compensation as required by the FLSA and the NJWHL for every hour of overtime worked in any work week during the relevant period of time.

85.     Plaintiffs are entitled to liquidated damages under the FLSA and attorneys' fees under the FLSA and NJWHL.

WHEREFORE, Plaintiff, Fred Adami, on behalf of himself and all other installers similarly situated, demands judgment against Defendants, Cardo Window, Inc., its successors and assigns, and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci,  jointly, severally and/or in the alternative, as follows:

A.     Damages;

B.     Liquidated Damages;

C.     Punitive damages;

D.     Interest;

E.     Costs of suit;

F.     Attorneys' fees;

G.     Injunctive relief requiring Defendants to pay overtime and other benefits required under the FLSA and the NJWHL; and

H.     Such further relief as this Court deems just and equitable under the circumstances.

## COUNT II

### Violation of the New Jersey Construction Industry Independent Contractor Act

**Plaintiff, Fred Adami, individually, and on behalf of all persons
similarly situated v. Defendants, Cardo Window, Inc., its successors and assigns,
and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo,
Edward Jones, John J. Belmonte and Pat Tricocci,
jointly, severally and in the alternative**

86.     Plaintiffs repeat and reallege the allegations of the previous paragraphs hereof as if set forth at length herein.

87.     Defendant, Cardo Windows, Inc. is an "employer" under the New Jersey Construction Industry Independent Contractor Act, NJSA 34:20-1 et. seq. (the "CIIC Act")

88.     Under the CIIC Act, Plaintiffs are deemed to be employees of Cardo for purposes the "New Jersey Prevailing Wage Act," P.L.1963, c.150 (C.34:11-56.25 et seq.), the "unemployment compensation law," R.S.43:21-1 et seq., the "Temporary Disability Benefits Law," P.L.1948, c.110 (C.43:21-25 et seq.), the "New Jersey Gross Income Tax Act," N.J.S.54A:1-1 et seq., or other applicable State tax laws, P.L.1965, c.173 (C.34:11-4.1 et seq.) and the "New Jersey State Wage and Hour Law," P.L.1966, c.113 (C.34:11-56a et seq.),

89.     Under the CIIC Act, defendants, Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci are personally liable for the misclassification of Plaintiffs as independent contractors.

90.     The CIIC Act requires employers to pay overtime compensation at the rate of one and one-half times each employee's regular hourly rate for all hours worked in excess of 40 hours in any given work week.

91.     Plaintiffs regularly work more than forty (40) hours per week for Cardo and receive no overtime pay or other compensation for those hours worked.

92.   In violation of the CIIC Act , Defendants have not paid overtime compensation to Plaintiffs, which has caused Plaintiffs to suffer substantial damages.

93.   Defendants know that Plaintiffs are deemed employees under the CIIC Act but intentionally, willfully and recklessly refuse to pay Plaintiffs, *inter alia*, the overtime wages due them as required by law.

94.   Plaintiffs are entitled to be paid overtime compensation as required by the CIIC Act for every hour of overtime worked in any work week during the relevant period of time.

95.   Under the CIIC Act, Defendants are required to pay to Plaintiffs the value of all employee benefits provided to the other employees of Cardo, including but not limited to, health insurance, workman's compensation insurance, disability insurance, life insurance, profit sharing, and bonuses.

96.   Under the CIIC Act, Defendants are required to pay on behalf of Plaintiffs to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act (FICA) compromised of both social security and medicare taxes (up to 15.3%), federal income tax not withheld, federal unemployment insurance tax act (FUTA) payments, as well as any penalties and interest.

97.   Under the CIIC Act, Defendants are required to pay on behalf of Plaintiffs any state income taxes, disability insurance payments, unemployment compensation payments, and any other amounts that Defendants were required by law to withhold from Plaintiffs wages, but failed and refused to do so.

98.   Plaintiffs are entitled to liquidated damages and attorneys' fees under the CIIC Act.

WHEREFORE, Plaintiff, Fred Adami, on behalf of himself and all others similarly situated, demands judgment against Defendants, Cardo Window, Inc., its successors and assigns, and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and/or in the alternative, as follows:

A.   Damages;

B.   Liquidated Damages;

C.   Punitive damages;

D.   Interest;

E.   Costs of suit;

F.   Attorneys' fees;

G.   Injunctive relief requiring Defendants to pay overtime and employee benefits required under the CIIC Act;

H.   Injunctive Relief requiring Defendants to pay on behalf of Plaintiffs to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act (FICA) compromised of both social security and medicare taxes (up to 15.3%), federal income tax not withheld, federal unemployment insurance tax act (FUTA) payments, as well as any penalties and interest.

I.   Injunctive Relief requiring Defendants to pay on behalf of Plaintiffs any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts  that Defendants were required to withhold from Plaintiffs wages, plus any interest and penalties.

J.   Such further relief as this Court deems just and equitable under the circumstances.

14

## COUNT III

### Plan Enforcement Under ERISA

**Plaintiff,  Fred Adami, individually, and on behalf of all others similarly situated v.  Defendants, Cardo Window, Inc., its successors and assigns,  and defendant, Christopher Cardillo, Sr. as ERISA plan trustee and administrator**

99.      Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

100.     Cardo administers and maintains a benefit plan for its employees governed by ERISA.

101.     Christopher Cardillo, Sr., is the trustee and/or administrator of Cardo's ERISA employee benefit plan.

102.      Plaintiffs are employees entitled to participate in Cardo's ERISA employee benefit plan.

103.     Defendants, Cardo and Christopher Cardillo, Sr.,  take the position that Plaintiffs are not entitled to participate in these ERISA benefit plans.

104.     Under 29 U.S.C. § 1132(a)(1)(B), Plaintiffs are authorized to clarify and enforce their rights and to obtain other appropriate equitable relief with respect to ERISA benefits in whatever benefit plans for which they are or were eligible.

105.     Pursuant to ERISA, Plaintiffs are entitled to benefits under these plans, and are entitled to restitution and injunctive relief requiring Plaintiffs to be covered by these plans and to receive the benefits due them.

106.     Plaintiffs are entitled to, *inter alia*, attorneys' fees and costs under ERISA.

WHEREFORE, Plaintiffs, Fred Adami, on behalf of himself and all others similarly situated, demands judgment against Defendants Cardo Windows, Inc., its successors and assigns, and Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and/or in the alternative, as follows:

A.   Damages;

B.   Punitive damages;

C.   Interest;

D.   Costs of suit;

E.   Attorneys' fees;

F.   Injunctive relief requiring Defendants to provide all benefits under any ERISA plans; and

G.   Such further relief as this Court deems just and equitable under the circumstances.

## COUNT IV

### Failure to Maintain Records

**Plaintiff, Fred Adami, individually, and on behalf of all others similarly situated v. Defendants, Cardo Window, Inc., its successors and assigns, Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and in the alternative**

107.   Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

108.   Under the FLSA and NJWHL, Defendants are required to keep and maintain accurate records setting forth the total hours worked each day by Plaintiffs for each workweek and other employment information.

16

109.    Upon information and belief, Defendants have failed to maintain true, accurate and complete records containing this required information, including the total hours worked each day and each workweek by Plaintiffs.

110.    The aforementioned conduct by Defendants is in violation of, *inter alia*, the FLSA and the NJWHL, and is otherwise unlawful.

111.    As a direct and proximate result of the aforementioned conduct, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff, Fred Adami on behalf of himself and all others similarly situated, demands judgment against Defendants, Cardo Windows, Inc., its successors and assigns, Christopher Cardillo, Sr., Christopher Cardillo, Jr., Nicholas Cardillo, Edward Jones, John J. Belmonte and Pat Tricocci, jointly, severally and/or in the alternative, as follows:

A.    Damages;

B.    Liquidated Damages;

C.    Punitive damages;

D.    Interest;

E.    Costs of suit;

F.    Attorneys' fees;

G.    Injunctive relief requiring Defendants to keep and maintain true, accurate and complete records as required by the FLSA and NJWHL; and

**COUNT V**

**Unjust Enrichment**

**Plaintiff, Fred Adami, individually, and on behalf of all others similarly situated v. Defendants, Cardo Window, Inc., its successors and assigns**

112.   Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

113.   Should Employer not pay Plaintiffs their overtime compensation and other benefits and perquisites of employment, Employer will be unjustly enriched to Plaintiffs' substantial detriment.

WHEREFORE, Plaintiff, Fred Adami, on behalf of himself and all others similarly situated, demands judgment against Defendants Cardo Windows, Inc. and its successors and assigns, as follows:

A.     Damages;

B.     Punitive damages;

C.     Interest;

D.     Costs of suit;

E.     Attorneys' fees;

F.     Restitution;

G.     Injunctive Relief requiring Defendant to pay on behalf of Plaintiffs to the Internal Revenue Service of the United States of America the combined worker-employee contribution under the Federal Insurance Contributions Act (FICA) compromised of both social security and medicare taxes (up to 15.3%), federal income tax not

withheld, federal unemployment insurance tax act (FUTA) payments, as well as any penalties and interest.

H.    Injunctive Relief requiring Defendants to pay on behalf of Plaintiffs any state income taxes, state disability insurance payments, state unemployment compensation payments, and any other amounts that Defendants were required to withhold from Plaintiffs wages, plus any interest and penalties.

I.    Such further relief as this Court deems just and equitable under the circumstances.

## COUNT VI

### Slander *Per Se*

### Fred Adami v. Edward Jones

114.    Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

115.    On September 1, 2011 Edward Jones accused Fred Adami of stealing aluminum coil from Cardo and terminated his employment with Cardo as a result.

116.    Fred Adami did not steal any aluminum coil from Cardo as alleged by Edward Jones.

117.    Edward Jones published his statement that Fred Adami is a thief to Cardo's owners, managers, employees and independent contractors and others whose names will be revealed during discovery.

118.    Edward Jones's untruthful statement that Fred Adami stole aluminum coil from Cardo is slanderous *per se*.

119.    Fred Adami's reputation and employability have been damaged by Edward Jones's slanderous statement that he stole from his employer.

120.    Fred Adami has suffered mental anguish as a result of Edward Jones's slanderous statement that he stole from his employer.

WHEREFORE, Plaintiffs, Fred Adami demands judgment against Defendant, Edward Jones as follows:

    A.      Damages;

    B.      Punitive damages;

    C.      Interest;

    D.      Costs of suit;

    E.      Attorneys' fees;

    F.      Restitution; and

    G.      Such further relief as this Court deems just and equitable under the circumstances.

## COUNT VII

### Wrongful Discharge

### Fred Adami v. Cardo Window, Inc.
### And Edward Jones

121.    Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

122.    On June 6, 2012 Cardo made Fred Adami a manager of window installation in the Harrisburg, Pennsylvania area.

123.    Fred Adami's direct supervisor on June 6, 2012 was Edward Jones.

124.    Despite appointing Fred Adami as a manager of installation, Cardo continued to treat him as an independent contractor rather than an employee knowing that this was contrary to Federal and State Law.

125.    Cardo supplied Fred Adami with a company owned truck to, *inter alia*, deliver supplies, including aluminum coil, to the installers he was responsible for managing  to use on window installation jobs assigned by Cardo.

126.    On September 1, 2011 Fred Adami was terminated as an employee of Cardo  by Edward Jones.

127.    Edward Jones stated to Fred Adami that the reason for his termination was theft of aluminum coil owned by Cardo found in the truck owned by Cardo.

128.    Fred Adami did not steal any coil from Cardo, and Cardo knew this but accused Fred Adami of theft of the coil to intimidate him from asserting his rights as an employee of Cardo, specifically including his right to pay for his final week and unemployment benefits.

129.    Cardo  wrongfully  terminated  Fred  Adami's  employment  without  any investigation or opportunity for Fred Adami to tell his side of the story.

130.    Cardo has engaged in a pattern and  practice of untruthfully accusing the employees it wants to terminate  of theft with the purpose of intimidating them from asserting their rights as  employees of Cardo,  specifically including but not limited to, the right to apply for unemployment benefits.

131.    Cardo's pattern  and  practice of untruthfully accusing the employees it wants to terminate  of theft with  the  purpose  of  intimidating  them  from  asserting  their  rights  as employees of Cardo,  specifically including  the right to apply for unemployment benefits, is a violation of  the law and public policy in New Jersey.

132.    Cardo's termination of Fred Adami was wrongful.

133.    Fred Adami's reputation and employability have been damaged by Cardo's wrongful termination of him in violation of New Jersey law and public policy.

134.    Fred Adami has suffered mental anguish as a result of Cardo's wrongful termination of him in violation of New Jersey law and public policy.

135.    Fred Adami has suffered wage loss as a result of Cardo's wrongful termination of him in violation of New Jersey law and public policy.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants Cardo Windows, Inc. and its successors and assigns, as follows:

A.    Damages;

B.    Punitive damages;

C.    Interest;

D.    Costs of suit;

E.    Attorneys' fees; and

F.    Such further relief as this Court deems just and equitable under the circumstances.

### COUNT VIII

### Unpaid Manager's Salary

### Fred Adami v. Cardo Windows d/b/a Castle Windows

136.    Plaintiff repeats and realleges the allegations of the previous paragraphs hereof as if set forth at length herein.

137.    Fred Adami was entitled to $3,000.00 per bi-weekly pay period as manager of window installation for Cardo.

22

138.   Fred Adami worked 8 of the 11 days during the pay period prior to his termination on September 1, 2011.

139.   Cardo has failed and refused to pay Fred Adami the $2,181.81 in salary owed to him for the 8 of 11 days he worked during his last pay period.

140.   Cardo is also required to pay to the Internal Revenue Service on behalf of Fred Adami, 100% of the combined worker-employee contribution under the Federal Insurance Contributions Act (FICA) comprised of both social security and medicare taxes (up to 15.3%), federal income tax not withheld, and Federal Unemployment  Tax Act (FUTA) payments, as well as penalties and interest thereon, for the $2181.81 salary payment owed to Fred Adami.

WHEREFORE, plaintiff, Fred Adami demands judgment against defendants, Cardo Windows d/b/a Castle Windows, in the amount of $2,181.81, together with the payments to the IRS set forth in paragraph 140, together with pre-judgment interest, post-judgment interest, attorneys' fees and court costs.

HANNYE, LLC
Attorneys for Plaintiffs

Dated: 5-9-12                          By:_____
                                           Richard S. Hannye
                                           128 West Cottage Avenue
                                           Haddonfield, New Jersey 08033
                                           (856) 428-1775
                                           (856) 428-1919 – telefax
                                           hannye@hannye.pro