IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED ADAMI and JACK VARNER,<br><br>        Plaintiffs,<br><br>   v.<br><br>CARDO WINDOWS, INC. d/b/a "Castle, 'The Window People'" et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 12-2804 (JBS/JS)<br><br>**ORDER** |

This matter comes before the Court on Plaintiffs' motion for conditional certification of a Fair Labor Standards Act ("FLSA") "opt-in" collective action and certification of a Rule 23 "opt-out" state wage class action [Docket Item 43], Defendants' motion to seal [Docket Item 66], and Plaintiffs' motion to dismiss Cardo Windows, Inc.'s ("Cardo") counter-claims for breach of contract [Docket Item 74]; the Court having considered the submissions and post-argument supplemental submissions and having heard oral argument on December 16, 2013; for the reasons stated in the Opinion of today's date, and for good cause shown;

IT IS this  **29**$^{th}$  day of **January**, **2014** hereby

ORDERED that Plaintiffs' motion for conditional certification of a FLSA "opt-in" collective action and certification of a Rule 23 "opt-out" state wage class action [Docket Item 43] is **GRANTED IN PART AND DENIED IN PART**; and it is further

ORDERED that Plaintiffs' motion for conditional certification of a FLSA "opt-in" collective action is **GRANTED**; and it is further

ORDERED that membership in the conditional FLSA collective action is defined as follows:

> **"All individuals who installed windows for Cardo Windows, Inc. at any time during the three (3) years prior to the notice date. Excluded from the collective action definition are all 'helpers,' as well as installers who signed mandatory arbitration and/or class action waiver agreements.";**

The term "individuals" includes sole proprietors, as well as incorporated business entities. "Helpers" are individuals who assisted in the installation of windows for Cardo, but were not paid directly by Cardo for their work. The collective action definition is not limited geographically and includes all individuals who installed windows for Cardo regardless of their state of residence or the location of the installation; and it is further

ORDERED that, absent agreement as to form, Plaintiffs shall within twenty-one (21) days of the entry of this Order file a motion for approval of a proper form of notice to the opt-in collective action members; and it is further

ORDERED that Defendants shall promptly provide the names and addresses of individuals who installed windows for Cardo in 2013 and 2014, up to the date of this Order; and it is further

ORDERED that Plaintiffs' motion for certification of a Rule 23 "opt-out" state wage class action is **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that Defendants' motion to seal [Docket Item 66] is **GRANTED IN PART**; and it is further

ORDERED that Defendants' exhibits 13a-d and 15 attached to Defendants' statement of material facts in opposition [Docket Item 68] shall remain under seal; and it is further

ORDERED that Defendants' exhibits 2, 3, 8, and 22 attached to Defendants' statement of material facts in opposition [Docket Item 68] shall be unsealed; and it is further

ORDERED that Plaintiffs' motion to dismiss Cardo's counter-claims for breach of contract [Docket Item 74] is **GRANTED IN PART AND DENIED IN PART**; and it is further

ORDERED that Plaintiffs' motion to dismiss Cardo's counter-claims for breach of contract against Jack Varner is **GRANTED**; and it is further

ORDERED that Plaintiffs' motion to dismiss Cardo's counter-claims for breach of contract against Fred Adami is **DENIED.**

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge
