UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED ADAMI and JACK F. VARNER each individually, each on behalf of all others similarly situated and each collectively with all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>CARDO WINDOWS, INC. d/b/a "CASTLE 'THE WINDOW PEOPLE'" AND ITS SUCCESSORS AND ASSIGNS, CHRISTOPHER CARDILLO, SR., CHRISTOPHER CARDILLO, JR., NICHOLAS CARDILLO, EDWARD JONES, JOHN J. BELMONTE, PAT TRICOCCI AND NICHOLAS BRUCATO, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE<br><br>Defendants. | CIVIL NO. 1:12-cv-02804 (JBS/JS)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF, FRED ADAMI'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS RETURNABLE SEPTEMBER 19. 2014 AT 1:30PM**

# Contents

I. ARGUMENT ..................................................................................................1

   A. FLASTER GREENBERG FALSELY CERTIFIED TO THIS COURT THAT ITS CLIENTS PRODUCED "FINANCE SHEETS FOR EVERY JOB AT ISSUE IN THE RELEVANT TIME PERIOD FOR THE TWO PLAINTIFFS' AND FLASTER GREENBERG SHOULD BE DISQUALIFIED AS COUNSEL FOR THE DEFENDANTS..1

   B. UNDER THIRD CIRCUIT PRECEDENT, AN FLSA ACTION IS COMMENCED ON THE DATE THE COMPLAINT IS FILED BY THE PERSONS NAMED IN THE COMPLAINT AND IS COMMENCED ON THE DATE THE OPT-IN FORM IS FILED BY PERSONS NOT NAMED IN THE COMPLAINT ..................................................................................5

   C. DEFENDANTS HAVE WAIVED THEIR "ATTORNEY'S EYES ONLY" DESIGNATION FOR CUSTOMER ADDRESSES BY FAILING TO EXPLAIN WHY DEFENDANTS PREVIOUSLY DESIGNATED ITS CUSTOMER ADDRESSES AS "CONFIDENTIAL" ...8

II. CONCLUSION ..................................................................................................9

## Cases

*CTC Imports and Exports v. Nigerian Petroleum Corporation*, 951 F.2d 573, 578 (3rd Cir. 1992)..............4
*Hively v. Allis-Chalmers Energy, Inc.*, U.S.D.C. W. D. Pa, Civ. Action No. 13-106 (2013) ........................6
*McLaughlin v. Phelan Hallinan and Schmeig*, Case No. 13-2015 (3rd Cir. 2014)........................................3
*Sperling v. Hoffman –La Roche, Inc*, 24 F.3d 463,469 (3rd Cir. 1994). ........................................................6
*Streeteasy, Inc. v. Chertok*, Docket No. 1350, p. 18-19 (2nd Cir. 2014)........................................................4
*Symczyk v. Genesis HealthCare Corp.,* 656 F.3d 189, 200 (3d Cir. 2011), ...........................................5, 6, 7
*Tae In Kim and David D. Aim v. Dongbu Tour & Travel, Inc.*, U.S.D.C. D.N.J. Civ. No. 2:12-cv-1136 (2013) ..........................................................................................................................................................6
*Titchenell v. Apria Healthcare, Inc.*, U.S.D.C., E.D. Pa. Case No. 11-563 (2011).......................................7
*Vargas v. General Nutritional Centers, Inc.*, U.S.D.C. W.D.Pa. Case No. 2:10-867 (2012) .......................7
*Woodard v. Fed. Ex. Freight E, Inc.*, 250 F.R.D. 178, 193 (M.D. Pa.)..........................................................7

## Rules

Fed. R. Civ. P. 11(b)(3) and (4)......................................................................................................................3
Fed.R. Civ. P. 37(b)(2)(A). ............................................................................................................................3

## Statute

29 U.S.C. §256 ........................................................................................................................................5,6, 7

## Treatise

*Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure §1335 (1990) ...............................4

I.  ARGUMENT

    A.  FLASTER GREENBERG FALSELY CERTIFIED TO THIS COURT THAT ITS CLIENTS PRODUCED "FINANCE SHEETS FOR EVERY JOB AT ISSUE IN THE RELEVANT TIME PERIOD FOR THE TWO PLAINTIFFS' AND FLASTER GREENBERG SHOULD BE DISQUALIFIED AS COUNSEL FOR THE DEFENDANTS

Plaintiffs' motion for sanctions is based, *inter alia,* on Michael Homans false statement in his July 23, 2014 e-mail to plaintiffs' counsel that defendants had produced "Finance Reports for each and every job at issue in the relevant time period for the two plaintiffs." (See, Hannye certification, Exhibit J, paragraph 11). Rather than trying to characterize this statement as an honest "mistake" with a humble apology to the Court and plaintiffs' counsel, Mr. Homans doubled down by filing the Certification of Michael Homans in opposition to plaintiffs' motion for sanctions. Specifically, the Certification of Michael Homans, paragraph 4, swears subject to penalty if his statements are not true, that "defendants produced.. Finance Sheets, for each and every job at issue in the relevant time period for the two plaintiffs...".

Mr. Homans certification is false even under his "new" legal argument that the "relevant time period" for Fred Adami begins on December 19, 2010, the date three years before he filed his opt in form. *In fact, defendants failed to produce addresses for 16 customers whose windows were installed by Fred Adami after December 19, 2010 in direct violation of this Court's June 10, 2014 and June 30, 2014 Orders.* The 16 customers whose windows were installed by Fred Adami after December 19, 2010, and whose addresses were not provided by defendants despite two Court Orders requiring them to do so are:

| Date | Customer | Date | Customer |
|---|---|---|---|
| 12/20/2010 | Delguerro | 12/21/2010 | Role |
| 12/23/2010 | Liu | 1/5/2011 | Harrington |
| 1/20/2011 | Keenan | 1/25/2011 | Scaturo |

1

| | | | |
|---|---|---|---|
| 2/15/2011 | Narfle | 2/22/2011 | Lobrano |
| 3/28/2011 | Fredhoff | 4/18/2011 | Boatman |
| 4/21/2011 | Tobia | 4/26/2011 | Renee |
| 4/29/2011 | Cardillo | 5/12/2011 | Beals |
| 5/14/2011 | Fredhoff | 5/14/2011 | Soloman |

Mr. Homan's argument that plaintiff, Fred Adami's FLSA action against the defendants commenced on December 19, 2013, when he filed his opt-in form, was first raised by the defendants in opposition to plaintiffs' motion for sanctions. Specifically to avoid sanctions, the defendants now seek to alter the starting date of the "relevant time period" from May 10, 2009, three years prior to the filing of Adami's complaint, to December 19, 2010, three years prior to the filing of Adami's opt-in form. However, defendants' desperate "new" argument is not at all consistent with defendants' production of partial addresses for customers whose windows were installed by Fred Adami beginning November 27, 2009, over one year before December 19, 2010, the date they now disingenuously advocate as the starting date for Fred Adami's overtime damages. When in this case have the defendants produced more documents than they were required to produce?

As set forth in detail below, plaintiff, Fred Adami's FLSA action commenced on May 10, 2012, the date he filed his complaint. The defendants failed to produce addresses for 198 customers whose windows were installed by Fred Adami beginning May 10, 2009 and ending June 6, 2011, the "relevant time period" under this Courts June 10, 2014 and June 30, 2014 Orders. This represents defendants' failure to produce nearly half of the required addresses ( See, Hannye Supplemental Certification, Exhibit A, for the names of the 198 customers whose windows were installed by Fred Adami from May 10, 2009 through June 6, 2011 as reflected in the 'Recap Sheet" for Fred Adami produced by defendants; but whose addresses were not provided by defendants in violation of this Court's Orders).

2

Defendants deliberately violated this Courts June 10, 2014 and June 30, 2014 Orders thinking that plaintiffs would not catch them because of the extensive time it takes to match the shuffled Recap Sheets produced by defendants with the shuffled Finance Sheets produced by the defendants. Defendants cannot and do not deny that they shuffled these documents prior to production to make it very time consuming to determine whether they actually produced the documents that this Court ordered them to produce. Defendants must be sanctioned for their deliberate failure to obey this Court's June 10, 2014 and June 30, 2014 Discovery Orders. Fed.R. Civ. P. 37(b)(2)(A). *McLaughlin v. Phelan Hallinan and Schmeig*, Case No. 13-2015 (3rd Cir. 2014). As in *McLauglin*, the appropriate sanction is the award of plaintiffs reasonable expenses, including counsel fees given that the defendants disobedience was not substantially justified and the sanctions sought are not in any way unjust. Fed.R. Civ. P. 37(b)(2)(C).

Additionally, Flaster Greenberg should be disqualified as counsel for the defendants as a result of Michael Homans false certification to this Court in violation of Fed. R. Civ. P. 11(b)(3) and (4) and this Court's Order dated May 2, 2014. Fed. R. Civ. P. 11(b)(3) and (4) state:

"(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

3

Michael Homans' certification that defendants had provided all addresses ordered by the Court is a paper filed in opposition to plaintiffs' motion for sanctions and is therefore subject to Rule 11. *Streeteasy, Inc. v. Chertok*, Docket No. 1350, p. 18-19 (2nd Cir. 2014) (counsel's certification to the Court setting forth unsupported factual contentions violates Rule 11(b)). Michael Homans certification that defendants had provided all addresses ordered by the Court certified that he had has satisfied three duties: (1) that he had read all the documents produced to plaintiffs by his clients including the Recap Sheets and the Finance Sheets; (2) that he made a reasonable inquiry to his client about the much larger number of customers whose windows were installed by Fred Adami as listed in the Recap Sheets showing payments to Fred Adami than the number of customers whose addresses were provided by defendants pursuant to Court order ; and (3) that he is not acting in bad faith. Each duty is independent; the violation of one triggers Rule 11 sanctions. See, *5A Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure § 1335 (1990). *CTC Imports and Exports v. Nigerian Petroleum Corporation*, 951 F.2d 573, 578 (3rd Cir. 1992).

Mr. Homans either did not read the documents he produced to the plaintiffs and had no idea that the Recap Sheets listed 198 more customers whose windows were installed by Fred Adami than the number of addresses for those customers provided pursuant to Court order; and then just blindly took his clients representation that all addresses for customers whose windows were installed by Fred Adami had been produced without any inquiry whatsoever. Or alternatively, Mr. Homans did read all the documents he produced to the plaintiffs, knew that he was providing far fewer addresses for customers whose windows were installed by Fred Adami than the actual number, and submitted a knowingly false certification to this Court. Under either

factual scenario, Mr. Homans violated Rule 11(b) when he certified to this Court that his client had produced all addresses for customers whose windows were installed by Fred Adami.

The appropriate sanction in this case for filing a false certification of compliance with a Court order in opposition to a motion for sanctions based on lack of compliance with that court order is disqualification of counsel pursuant to this Court's May 2, 2014 Order "that counsel shall comply with the Court's orders and directives, and if they fail to do so, the Court will consider sanctions, including disqualification". (See, Hannye Supplemental Certification, Exhibit B, paragraph 2). Defendants' counsel have simply become too close to their client, and too eager to please, as reflected by counsels unusual decision to personally certify to his clients compliance with a court ordered production of addresses rather than having the client certify to compliance.

**B.   UNDER THIRD CIRCUIT PRECEDENT, AN FLSA ACTION IS COMMENCED ON THE DATE THE COMPLAINT IS FILED BY THE PERSONS NAMED IN THE COMPLAINT AND IS COMMENCED ON THE DATE THE OPT-IN FORM IS FILED BY PERSONS NOT NAMED IN THE COMPLAINT**

Defendant's brief in opposition to plaintiffs' motion for sanctions cites 29 U.S.C. § 256 (a) on pages 2 and 9 for the proposition that plaintiff, Fred Adami's FLSA action commenced on December 19, 2013 when he filed his opt in form, not on May 10, 2012 when he filed his complaint. Defendants' brief cites no case law interpreting 29 U.S.C. §256(a) despite voluminous case law on point, including Third Circuit precedent. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 200 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1532 (2013).

In *Symczak*, Laura Symczak filed a complaint on December 4, 2009 seeking relief under the Fair Labor Standards Act on behalf of herself and all others similarly situated. Id. at p. 190. The Third Circuit held that under 29 U.S.C. § 256(a) Laura Symczak's FLSA action commenced on the date she filed her complaint:

5

> "To qualify for relief under the FLSA, a party plaintiff must "commence" his cause of action before the statute of limitations applying to his individual claim has lapsed. *Sperling v. Hoffman –La Roche, Inc,* 24 F.3d 463,469 (3rd Cir. 1994). For a named plaintiff, the action commences on the date the complaint is filed. 29 U.S.C. § 256(a). For an opt in plaintiffs, however, the action commences only upon filing of a written consent. Id. at §256(b). This represents a departure from Rule 23, in which the filing of the complaint tolls the statute of limitations "as to all asserted members of the class" even if the putative class member is not cognizant of the suit's existence." Supra at p. 200.

The Third Circuit's holding in *Symczak* that the named plaintiffs FLSA action commences on the date his or her complaint is filed has been followed by at least 4 district courts within this Circuit.

In *Hively v. Allis-Chalmers Energy, Inc.*, U.S.D.C. W. D. Pa, Civ. Action No. 13-106 (2013) plaintiffs filed their Complaint as a collective action. The Court held that "the date on which the FLSA Collective Action is commenced differs between named plaintiffs and opt-in plaintiffs. 29 U.S.C. §256; *Symczyk* 656 F.3d at 200. For the named plaintiffs, the action is commenced on the date they filed the Complaint, 29 U.S.C. §256, but for opt in plaintiffs, the action is not commenced until the date on which they filed their written consent. *Id.*". *Supra* at p. 15, Note 3.

In *Tae In Kim and David D. Aim v. Dongbu Tour & Travel, Inc.*, U.S.D.C. D.N.J. Civ. No. 2:12-cv-1136 (2013) plaintiffs filed a putative collective action alleging violations of the wage and overtime provisions of the FLSA and the New Jersey Wage and Hour Law. Plaintiffs then filed a motion for collective action certification and for equitable tolling. In ruling that the plaintiffs were entitled to equitable tolling, the Court stated:

> "To qualify for relief under the FLSA, a party must "commence his cause of action before the statute of limitations applying to his individual claims has lapsed". *Symczyk*, 656 F.3d at 200 (3d Cir. 2011). (Internal citation omitted). To determine when an FLSA collective action is commenced, the statute differentiates between named plaintiffs and opt in plaintiffs. See, 29 U.S.C. §256;

6

> *Symczyk* 656 F.3d at 200. For named plaintiffs, the action is commenced on the date they filed the Complaint. See 29 U.S.C. §256. For opt-in plaintiffs, however, the action is not commenced until the date of which they filed their written consent. Id."

*Supra* at p. 5.

In *Titchenell v. Apria Healthcare, Inc.,* U.S.D.C., E.D. Pa. Case No. 11-563 (2011) plaintiff filed a Complaint against her former employer Apria Healthcare for violation of the FLSA. Plaintiff then filed a motion for conditional certification of a collective action which the Court granted. In discussing which employees would constitute a potential class, the Court stated:

> "For an opt-in plaintiff, the statute of limitations is tolled only when that individual plaintiff files a written consent. *Symczyk v. Genesis Healtcare Corp.*, 656 F.3d 189, 200 (3rd. Cir. 2011) (citing 29 U.S.C. §256(b)[5]" "[5]As to plaintiff Titchenell, the statute of limitations is tolled from the date she filed her Complaint. See, 29 U.S.C. §256(a)".

*Supra* at p.13.

In *Vargas v. General Nutritional Centers, Inc.,* U.S.D.C. W.D.Pa. Case No. 2:10-867 (2012) plaintiffs filed, *inter alia*, a motion for equitable tolling of the statute of limitations and for the Court's conditional certification of an FLSA collective action. Discussing equitable tolling, the Court stated:

> "To determine when an FLSA. Action is commenced, §6 of the Portal-To-Portal Act of 1947 differentiates between named plaintiffs and opt-in plaintiffs. 29 U.S.C. §256: *Symczyk,* 656 F.3d at 200. For named plaintiffs, an action is commenced on the date they filed the Complaint. 29 U.S.C. §256: see *Woodard v. Fed. Ex. Freight E, Inc.,* 250 F.R.D. 178, 193 (M.D. Pa.). For opt in plaintiffs, however, the action is not commenced until the date of which they filed their written consent 29 U.S.C.A. §256".

*Supra* at p. 7.

7

Did defendants' counsel simply miss this Circuit case law or did they deliberately decide not to cite any case law to avoid citing these adverse cases? Plaintiffs' suggest that if defendants answer this question it will support the present motion for sanctions.

C. **DEFENDANTS HAVE WAIVED THEIR "ATTORNEY'S EYES ONLY" DESIGNATION FOR CUSTOMER ADDRESSES BY FAILING TO EXPLAIN WHY DEFENDANTS PREVIOUSLY DESIGNATED ITS CUSTOMER ADDRESSES AS "CONFIDENTIAL"**

Defendants continue to vociferously argue that its customer addresses from 2009 through 2011 are properly "attorney's eyes only" despite the fact that defendants previously produced customer addresses designated "confidential". (See, Hannye certification, paragraph 4, Exhibit "C" for Finance Sheets previously produced by defendants without redaction of the street number and designated "confidential"). Defendants' failure to explain why its customer addresses used to be "confidential" and have now been upgraded to "attorney's eyes only", should result in a waiver of the "attorneys eyes only" designation.

Additionally, defendant's argument that plaintiffs' or their counsel will violate the confidentiality order in this case by providing defendants customer names and addresses to third parties is not supported by any allegations of prior violations of the confidentiality order. Indeed, if plaintiffs' counsel was inclined to violate the confidentiality order (which he is not) designating documents as "attorney's eyes only" rather than "confidential' would not provide any additional security.

Finally, plaintiffs' counsel is not Rod Arce's friend or lawyer and his representation of Zaza Corp. ended when defendant, Cardo Windows, Inc., represented by Flaster Greenberg, filed a successful motion to convert Zaza Corp. from a Chapter 11 reorganization to a Chapter 7 liquidation. (See, Hannye Supplemental Certification, paragraphs 3 and 4). In other words, when

defendants and their counsel represented to the court that plaintiffs' counsel might disclose its customers' names and addresses to Zaza Corp. as justification for their "attorneys eyes only" designation, they knew with certainty that Zaza Corp. was out of business. This is yet another factual misrepresentation to the court by defendants and their counsel which supports plaintiffs' motion for sanctions.

## II. CONCLUSION

Based upon the facts and law set forth in plaintiffs' opening brief and this reply brief and the certification and supplemental certifications of plaintiffs' counsel, plaintiffs' proposed order granting plaintiffs' motion for sanctions should be entered by the Court.

                                      HANNYE, LLC
                                      Attorneys for Plaintiffs

Dated: September 9, 2014        By: _____
                                      Richard S. Hannye
                                      128 West Cottage Avenue
                                      Haddonfield, New Jersey 08033
                                      (856) 428-1775
                                      (856) 428-1919 – telefax
                                      hannye@hannye.pro